NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PRECISION LINKS INCORPORATED,**
*Plaintiff-Appellant,*

v.

**USA PRODUCTS GROUP, INC. AND THE HOME DEPOT U.S.A., INC.,**
*Defendants-Appellees.*

---

2010-1538

---

Appeal from the United States District Court for the Western District of North Carolina in 08-CV-0576, Judge Martin Reidinger.

---

## ON MOTION

---

Before LOURIE, MAYER, and DYK, *Circuit Judges.*

DYK, *Circuit Judge.*

## ORDER

The defendants in this patent suit, USA Products Group, Inc. and Home Depot U.S.A., Inc. (USA Products) move to dismiss this appeal of the patentee-plaintiff,

Precision Links Incorporated, as untimely. Precision Links opposes. USA Products replies.

A party seeking to appeal from a judgment of a trial court must file a document notifying the intent to appeal within 30 days after entry of judgment. Fed. R. App. P. 4(a)(1). That time period is mandatory and jurisdictional. *Bowles v. Russell*, 551 U.S. 205 (2007) (the timely filing of a notice of appeal in a civil case is a jurisdictional requirement that cannot be waived).

On August 3, 2010, the United States District Court for the Western District of North Carolina granted USA Products' motion for summary judgment of noninfringement of Precision Links' patent and entered judgment in favor of USA Products. Precision Links filed a notice of appeal at the district court on September 7, 2010, 35 days after the district court's entry of judgment.

USA Products moves to dismiss this appeal as untimely, contending that the notice of appeal was not filed within the 30-day mandatory period of time. Precision Links raises two arguments why dismissal is not appropriate on these facts. First, they argue that the July 23, 2010 "Response to the Defendant's Motion For Summary Judgment" should be construed as a notice of appeal which ripened upon issuance of the district court's entry of judgment. Alternatively, Precision Links argues that the time period for filing of a notice of appeal did not start on August 3, 2010 because the time for filing an appeal was extended by the district court by entry of an order under Fed. R. Civ. P. 54.

Precision Links' arguments why this appeal should not be dismissed are unpersuasive. Although a court may look beyond formalities in determining whether a document constitutes a notice of appeal, to do so here - where the document at issue was a response to the motion upon

which the decision seeking appeal was based - would render Rule 4(a)(1) meaningless. Additionally, under Rule 4(a)(2) of the Federal Rules of Appellate Procedure, "a notice of appeal filed after the announcement of a decision or order - but before entry of the judgment or order - is treated as filed on the date of and after the entry." Thus, even assuming that Precision Links' July 23, 2010 "Response to the Defendant's Motion for Summary Judgment," could be considered a notice of appeal, it would nonetheless not fall under the Rule because it was filed before announcement of a decision or order.

Regarding Precision Links' second argument, Rule 4(A)(iii) of the Federal Rules of Appellate Procedure provides that "the time to file an appeal runs for all parties from the entry of the order disposing of" a timely filing of a motion for attorney's fees under Rule 54 of the Federal Rules of Civil Procedure "if the district court extends the time to appeal under Rule 58." Precision Links contends that that is what happened here when USA Products requested an extension of time to file a motion for attorney fees pursuant to Rule 54 and the district court entered an order extending the date to file a motion for fees.

USA Products points out that the district court did not extend the time to appeal under Fed. R. Civ. P. 58. To be applicable, Rule 4(A)(iii) expressly requires that "the district court extend the time to appeal under Rule 58." The only extension granted by the district court was for USA Products to file a motion for attorney fees, which had no impact on the deadline for Precision Links to file its notice of appeal. We therefore grant the motion and dismiss the appeal for lack of jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted.  The appeal is dismissed.

(2) Each side shall bear its own costs.

FOR THE COURT

DEC 0 8 2010
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  James M. Harrington, Esq.
     Steven M. Levitan, Esq.

s19

ISSUED AS A MANDATE:  DEC 0 8 2010

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

DEC 0 8 2010

JAN HORBALY
CLERK
